IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ST. CROIX SURGICAL SYSTEMS, LLC, | § § | |
| Plaintiff, | § § | No. 2:17-CV-00500-JRG-RSP (lead case) |
| v. | § § § | No. 2:17-CV-00771-JRG-RSP |
| CARDINAL HEALTH, INC., | § § | (member case) |
| Defendant. | § | |

## **ORDER**

In each of these consolidated patent cases, Cardinal moves to dismiss based on both lack of jurisdiction and improper venue. Def.'s Mot. to Dismiss [Dkt. # 12] (No. 2:17-CV-00500) at 7–12; Def.'s Mot. to Dismiss [Dkt. # 8] (No. 2:17-CV-00771) at 7–12. Alternatively, Cardinal moves to transfer the cases to the Northern District of California for convenience. Def.'s Mot. to Dismiss [Dkt. # 12] (No. 2:17-CV-00500) at 12–18; Def.'s Mot. to Dismiss [Dkt. # 8] (No. 2:17-CV-00771) at 12–18. St. Croix opposes all aspects of the motions and requests jurisdiction and venue-related discovery prior to the Court's decision. Pl.'s Resp. [Dkt. # 17] (No. 2:17-CV-00500); Pl.'s Resp. [Dkt. # 12] (No. 2:17-CV-00771).

For the reasons that follow, the Court will grant St. Croix's request for jurisdiction and venue discovery and dismiss Cardinal's motions without prejudice to re-urge them in 60 days.

I.      BACKGROUND

In June 2017, St. Croix sued Cardinal for infringement of three patents relating to methods and devices for wound closure. *See generally* Compl. [Dkt. # 4] (No. 2:17-CV-00500). St. Croix alleges the patents cover Cardinal's MYNX brand vascular closure devices. *Id.* at 17–38.

In August 2017, Cardinal moved to dismiss for jurisdictional and venue reasons and, alternatively, for transfer to the Northern District of California. Def.'s Mot. to Dismiss [Dkt. # 12] (No. 2:17-CV-00500). According to Cardinal, St. Croix sued the wrong entity because of its incorrect assumptions about Cardinal's corporate structure and degree of control of its subsidiaries. *Id.* at 1. Cardinal claims it is just a holding company outside of Texas's jurisdiction and that it has no regular and established place of business in this District. *Id.* at 11–12. Cardinal urges that St. Croix should have sued AccessClosure and Cordis Corporation, the Cardinal subsidiaries that manufacturer and sell the accused products. *See id.* at 2 (identifying Cordis as a Cardinal subsidiary that sells the accused products, identifying AccessClosure as a Cardinal subsidiary that designed and developed the accused products, and claiming St. Croix relies exclusively on AccessClosure information to support its infringement allegations).

St. Croix, of course, disagrees. It alleges Cardinal's website shows nearly 100 job openings in Texas, and established places of business throughout the state. Pl.'s Resp. [Dkt. # 17] (No. 2:17-CV-00500) at 2–3. The CardinalHealth trademark consistently appears on signage at these locations, on Cardinal's website promoting Texas employment

opportunities, in press releases about the accused products, and on the accused products themselves. *Id.* at 3. St. Croix also claims Cardinal controls AccessClosure and Cordis, and therefore jurisdiction and venue are proper in light of its principal-agent relationship with these subsidiaries. *Id.* at 14. Finally, St. Croix urges that, at the very least, it should be allowed limited discovery on jurisdiction and venue, in part because Cardinal has not been forthcoming about its corporate structure. *Id.* at 19.

In December 2017, St. Croix filed a second complaint against Cardinal alleging infringement of a fourth patent. Compl. [Dkt. # 1] (No. 2:17-CV-00771). Cardinal moved to dismiss or transfer this later case on the same grounds, *see* Def.'s Mot. to Dismiss [Dkt. # 8] (No. 2:17-CV-00771), and St. Croix responded with the same arguments and request for limited discovery, Pl's Resp. [Dkt. # 12] (No. 2:17-CV-00771).

## II.   DISCUSSION

Despite Cardinal's declarations to the contrary, St. Croix presents evidence that Cardinal has both employees and locations throughout Texas. *See, e.g.*, [Dkt. # 18-11] (No. 2:17-CV-00500) (advertising, under the CardinalHealth mark, a Senior Data Analyst position in Lewisville, Texas); [Dkt. # 18-17] (No. 2:17-CV-00500) (showing a building in Jacksonville with CardinalHealth signage directing employees and visitors where to enter); [Dkt. # 18-17] (No. 2:17-CV-00500) (showing a building in Houston with CardinalHealth signage); [Dkt. # 18-18] (No. 2:17-CV-00500) (same). But neither of Cardinal's replies explain why, despite prominent use of the CardinalHealth mark, these are not Cardinal's places of business that subject it to the Court's jurisdiction and give rise

to proper venue. *See* Cardinal's Reply [Dkt. # 25] (No. 2:17-CV-00500) at 4–5; Cardinal's Reply [Dkt. # 13] (No. 2:17-CV-00771) at 4–5.

Cardinal alternatively argues that, even if it does have a regular and established place of business in this District, venue is not proper because as a holding company it does not commit acts of infringement in this district. *See, e.g.*, Cardinal's Reply [Dkt. # 25] (No. 2:17-CV-00500) at 5 ("St. Croix's response still fails to provide any evidence that CHI has committed any acts of infringement in this District as required by § 1400(b)"). For venue purposes, however, *allegations* of infringement are sufficient. *See, e.g.*, *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (noting the merits of infringement are not reached when considering venue requirements); *Symbology Innovations, LLC v. Lego Sys., Inc.*, No. 2:17-cv-86, 2017 WL 43248141, at 13 (E.D. Va. Sept. 28, 2017) (stating a complaint's well-pled factual allegation of infringement satisfy this prong of § 1400(b)); *Raytheon Co. v. Cray, Inc.*, 258 F. Supp. 3d 781, 788 (E.D. Tex. 2017) (concluding an allegation of infringement is sufficient to establish venue) (citing *Funnelcap, Inc. v. Orion Indus., Inc.*, 392 F. Supp. 938, 943 (D. Del. 1975).

As a final matter, Cardinal urges the Court to transfer the case to the Northern District of California, but does not show why this case could have been brought *against Cardinal* in that forum. In fact, Cardinal denies that venue in Northern California would be proper. Cardinal's Mot. to Dismiss [Dkt. # 12] (No. 2:17-CV-00500) at 13 ("Technically, Plaintiff cannot bring its claims against CHI anywhere, because CHI is just a holding company."). Instead, Cardinal urges venue would be proper in California as to

AccessClosure and Cordis, *id.*, but that is not relevant to the motions before the Court given that those entities are not parties to these lawsuits.

## III. CONCLUSION AND ORDER

The Court concludes the stark differences in the parties' positions concerning the extent of Cardinal's presence in Texas and in this District justifies St. Croix's requested jurisdiction and venue discovery prior to the Court resolving the motions. Accordingly, the Court:

(1) **GRANTS** the parties 60-days leave to conduct appropriate jurisdiction and venue-related discovery concerning (a) whether the Court has jurisdiction over Cardinal, and (b) whether Cardinal has a regular and established place of business in this District; and

(2) **DENIES** Cardinal's Motion to Dismiss [Dkt. # 12] (No. 2:17-CV-00500) and Motion to Dismiss [Dkt. # 8] (No. 2:17-CV-00771) **WITHOUT PREJUDICE**. Cardinal may re-urge the motions after 60 days from entry of this Order.

**SIGNED this 28th day of February, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE